IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**REGIONS BANK**                                                                                                          **PLAINTIFF**

**V.**                                                                            **NO. 1:12-CV-00262-DMB-DAS**

**GREGORY W. COLLIER; and**
**KENNETH WINDHAM**                                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR SUMMARY JUDGMENT**

This is an action brought by Plaintiff Regions Bank to enforce the terms of commercial guaranty agreements executed by Defendants Gregory W. Collier and Kenneth Windham. Before the Court is Regions Bank's motion for summary judgment. Doc. #39. For the reasons below, the motion is granted.

**I**
**Motion for Summary Judgment Standard**

"Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transport A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id*. at 411–12 (internal quotation marks omitted). To this end, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Id*. at 412. "When considering a motion for summary judgment, the Court "resolve[s]

factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**II**
**Relevant Facts**

**A. The Agreements**

Before they sold their interests in 2007, Defendants Windham and Collier owned Como III Apartments, LLC ("Como III"). Doc. #47-2 at ¶ 1.

On October 31, 2003, Como III, through Windham and Collier, executed a promissory note in favor of Union Planters Bank NA. Doc. #39-1. The note, which carried a principal of $502,753 and an initial interest rate of 5%, required Como III to "pay [the] loan in one payment … on October 31, 2004." *Id*. Also on October 31, 2003, Como III secured the note by executing in favor of Union Planters a deed of trust on property located in Como, Mississippi. Doc. #39-2. The deed of trust was recorded in the First Judicial District of Panola County on November 7, 2003. *Id*.

On January 26, 2005, Como III and Union Planters executed a Change in Terms Agreement regarding the October 31 promissory note. Doc. #39-3. Under the new agreement, Como III promised to pay an outstanding balance of $316,500 in 180 monthly payments of $2,117.06. *Id*. The same day, Como III and Union Planters executed a Modification of Deed of Trust to conform the original deed of trust to the terms of the new agreement. Doc. #39-4. The modified deed of trust was recorded on March 7, 2005. *Id*.

Also on January 26, 2005, Collier and Windham executed matching Commercial Guaranty agreements in which each "absolutely and unconditionally guarantee[d] and promise[d] to pay to Union Planters Bank … any and all of [Como III's] indebtedness to [Union Planters]." Docs. #39-5; #39-6. In executing these agreements, Collier and Windham explicitly waived

2

"any right to require [Union Planters] to resort for payment or to proceed directly … against any person [or] to proceed directly against or exhaust any collateral." Docs. #39-5; #39-6. The guaranty agreements also provided that Collier and Windham "agree[d] to pay upon demand all of [Union Planters'] costs and expenses, including attorneys' fees and … legal expenses … incurred in connection with the enforcement of th[e] Guarant[ies]." Docs. #39-5; #39-6.

Sometime after the execution of the guaranties, Regions Bank became the successor in interest to Union Planters.[1] Doc. #39-7 at ¶ 8.

### B. Affordable Housing Mississippi, LLC, Bankruptcy, and Default

In 2007, Windham and Collier sold their ownership interests in Como III to Affordable Housing Mississippi, LLC, and Kenneth Farrar. Doc. #47-2 at ¶ 3. Prior to the sale, the defendants, on Como III's behalf, "made all payments [on the promissory note] as they became due." *Id*. at ¶ 4.

In 2010, Affordable Housing Mississippi filed for bankruptcy in the Bankruptcy Court of the Northern District of Mississippi. *See In Re Affordable Hous. Mississippi LLC*, No. 10-14827 (Bankr. N.D. Miss. 2010).

At an unspecified time in 2012, Como III defaulted on the modified promissory note. Doc. #39-7 at ¶ 9.

On July 10, 2012, Henry Shelton, III, of the Adams and Reese law firm sent Collier a letter providing:

> This firm has been engaged by Regions Bank, as successor in interest to Union Planters Bank NA ("Bank") with respect to the outstanding debt that is owed Bank by Como III ….
>
> The current principal balance outstanding you guaranteed to Bank is $216,003.67 together with interest as of Thursday, July 12, 2012 in the amount of $10,629.09,

---

[1] The undisputed evidence establishes that Regions Bank is the successor in interest to Union Planters.

3

> late charges of $2,795.00, together with fees and the costs of collection in the amount of $2,500.00, jointly and severally with the obligors …. The loan has gone into default and the maker of the note has not paid it.
>
> This letter serves as a final demand on behalf of Bank to collect the outstanding balance on the Bank's loans to Como III … which you guaranteed. Bank demands that you pay the sum of $231,920.16, plus interest … within fourteen (14) days of the date of this letter ….
>
> Should you not do so within the time required, then the Bank will pursue the collection of this debt in the appropriate forum.

Doc. #39-8. Shelton sent an identical letter to Windham. *Id*.

On July 25, 2012, Thomas Comer, Jr., of the Comer Law Firm, responded to Shelton on behalf of Collier and Windham. Doc. #39-9. In his letter, Comer advised that Collier and Windham disputed the debt and were "requesting copies of the nature and amount of the bank's claim." *Id*.

On August 1, 2012, Shelton sent Comer copies of the: (1) October 31, 2003, Deed of Trust; (2) October 31, 2003, Promissory Note; (3) January 26, 2005, Change in Terms Agreement; (4) January 26, 2005, Commercial Guaranty executed by Windham; (5) January 26, 2005, Commercial Guaranty executed by Collier; and (6) January 26, 2005, Modification of Deed of Trust. Doc. #39-10.

On December 10, 2012, Regions Bank filed this action. Doc. #1. In its complaint, Regions Bank asserts a single claim for breach of contract arising from Defendants' alleged failure to perform under their respective guaranties. *Id*. at ¶¶ 6–18.

According to Regions Bank, as of December 3, 2013, Como III owed Regions Bank: (1) principal in the amount of $204,054.81;[2] (2) interest in the amount of $13,328.02; and (3) late fees in the amount of $5,208.00. Doc. #39-7 at ¶ 10. Also as of December 3, 2013, Regions

---
[2] Based on the amount of the outstanding principal, interest is accumulating at the rate of $14.17 per day. Doc. #39-7 at ¶ 10.

Bank had incurred $16,782.05 in attorneys' fees and legal expenses in connection with prosecuting this action. Doc. #39-11.

On January 9, 2014, the bankruptcy court issued an Order Confirming Chapter 11 Plan in Affordable Housing Mississippi's bankruptcy case. Doc. #47-1; *In Re Affordable Hous. Mississippi LLC*, No. 10-14827 (Bankr. N.D. Miss. Jan. 9, 2014). The January 9 order provided:

> The objection of Regions Bank was resolved by agreement of the Debtor and Regions that, while the Debtor is obligated on the Regions indebtedness, the collateral held by Regions to secure its indebtedness is not property of this bankruptcy estate. Regions, in its discretion, may accept payments from the Debtor, but its secured claims are otherwise not affected by this order.

Doc. #47-1 at ¶ 9.

Sometime later, Farrar informed Windham that "the loan … has been reconfirmed by Regions Bank and that it is not in default." Doc. #47-2 at ¶ 9.

### III
### Analysis

On December 5, 2013, Regions Bank filed this motion for summary judgment. Doc. #38. In its motion, Regions Bank argues that there is no genuine issue of material fact that Como III defaulted on its debt, and that Collier and Windham are liable for the amount owed to Regions Bank by Como III. Doc. #39. Specifically, based on breach of the guaranty agreements, Regions Bank seeks a judgment in the amount of: (1) the outstanding indebtedness (including interest and unpaid late charges) as of December 3, 2013; (2) attorneys' fees; (3) costs and expenses; (4) pre-judgment interest; and (5) post-judgment interest. Doc. #40 at 14.

In diversity actions, this Court applies the substantive law of the forum state. *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). To this end, under Mississippi law "[t]he elements of a breach of contract are: (1) the existence of a valid and binding contract; (2) that the defendant has broken, or breached it; and (3) that the plaintiff has been thereby

5

damaged monetarily." *Favre Prop. Mgmt., LLC v. Cinque Bambini*, 863 So.2d 1037, 1044 (Miss. Ct. App. 2004) (citing *Warwick v. Matheney*, 603 So.2d 330, 336 (Miss. 1992)).

Here, the defendants concede the validity of the relevant documents. Doc. #47 at 3. Accordingly, the Court must decide whether there is a genuine issue of material fact as to whether the defendants breached the guaranty agreements and, if the defendants breached, whether Regions Bank suffered damages as a result of the breaches.

**A. Breach**

"A guaranty is a collateral undertaking by one person to answer for the payment of a debt or the performance of some contract or duty in case of the default of another person who is liable for such payment or performance in the first instance." *Powell v. Sowell*, 145 So.2d 168, 171 (Miss. 1962) (internal quotation marks omitted). Where, as here, a guaranty is made absolutely or unconditionally, it is said to be an "absolute guaranty." 38A C.J.S. Guaranty § 9.[3] "An absolute … guaranty is one by which the guarantor unconditionally promises payment or performance of the principal contract on default of the principal debtor or obligor." *Id*. Thus, "[i]n order to impose liability on the guarantor, there must be a default by the principal." *Id*. at § 71. "Liability accrues on an absolute guaranty when the principal defaults." *Id*. at § 87.

Here, the evidence establishes that Como III, through its then-owners Affordable Housing Mississippi and Kenneth Farrar, defaulted on the note guaranteed by the defendants. To the contrary, the defendants argue that "[t]he present status of the loan in light of any agreement reached in the bankruptcy proceedings between [Regions] and Affordable Housing Mississippi LLC presents a material issue of genuine fact for the adjudication." Doc. #47 at 4. However,

---

[3] In the absence of relevant case law, the Mississippi Supreme Court will look to *Corpus Juris Secundum* for guidance in deciding actions arising from guaranties under Mississippi law. *See, e.g., Powell*, 145 So.2d at 171 (quoting *Corpus Juris Secundum*); *Walker v. Mississippi Menhaden Prods., Inc.*, 136 So.2d 607, 608 (Miss. 1962); *Brent v. National Bank of Commerce of Columbus*, 258 So.2d 430, 434 (Miss. 1972).

beyond the inadmissible hearsay statement attributed to Farrar in Windham's affidavit,[4] the defendants have offered no evidence that the loan is no longer in default. Accordingly, Region Bank's evidence on the issue of default stands undisputed and there is no genuine issue of material fact on this question.[5]

In sum, the undisputed evidence shows that Como III defaulted on the modified loan and that, therefore, the defendants were liable for the amount owed by Como III. It is also undisputed that the defendants failed to satisfy this liability. Under these circumstances, the Court must conclude that there is no genuine issue of material fact as to whether the defendants breached their guaranty contracts with Region Banks.[6]

**B. Damages**

Having found that the defendants breached the guaranty agreements, the question becomes whether the breaches caused damages. "The court's purpose in establishing a measure of damages for breach of contract is to put the injured party in the position where she would have been but for the breach. Contract damages are ordinarily based on the injured party's expectation interest and are intended to give him the benefit of the bargain by awarding him a

---

[4] In his affidavit, Windham attests, "I have been informed by Kenneth Farrar that the loan … is not in default." Doc. #47-2 at ¶ 9. A district court may sua sponte decline to consider hearsay evidence. *Chapman v. Ensco Offshore Co.*, 463 Fed. App'x 276, 279–80 (5th Cir. 2012).

[5] Even if the bankruptcy cured the previous default, the defendants' argument must still be rejected. "The general rule is that a discharge in bankruptcy does not affect a guarantor's liability." *In re Applewood Chair Co.*, 203 F.3d 914, 918 (5th Cir. 2000). In this regard, the Fifth Circuit has held that "the obligation[s] of … unconditional guarantors of [a] corporate obligation [are] not affected by confirmation of [a] reorganization plan by which the corporate debt was restructured and reduced." *U.S. v. Stribling Flying Service, Inc.*, 734 F.2d 221, 223 (5th Cir. 1984). Thus, even if the default on the modified loan was cured by the bankruptcy plan, such "cure" would not relieve the defendants of their obligation to pay Como III's indebtedness, as required by the guaranty agreements. *Id*.

[6] In their response brief, the defendants also argue that the "underlying property secured by the Deed of Trust has not been subject to or a part of the bankruptcy estate of Affordable Housing Mississippi, LLC." Doc. #47 at 3. It is unclear what, if anything, the defendants mean by this assertion. To the extent the defendants suggest that Regions Bank should have foreclosed on the property before seeking to enforce the guaranty agreements, such argument must be rejected because where, as here, a guaranty agreement disclaims a requirement to proceed against collateral, a creditor "need not foreclose on the property before seeking a monetary judgment." *Fleisher v. S. AgCredit, FLCA*, 108 So.3d 948, 955 (Miss. Ct. App. 2012).

sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been performed." *Theobald v. Nosser*, 752 So.2d 1036, 1042 (Miss. 1999). With guaranty contracts, "the measure of damages, on a default by the principal obligor, is the amount of loss which the guarantee has sustained by reason of such default." 38A C.J.S. Guaranty § 65.

Here, as explained above, upon a default on the modified loan, the guaranty agreements obligated the defendants to pay to Regions Bank the amount outstanding on Como III's indebtedness. The record shows that Como III defaulted on the modified loan and that the defendants failed to pay to Regions Bank the outstanding amount on Como III's debt. Accordingly, Regions Bank has suffered damages in the amount outstanding under the modified loan. *Id*.

Regions Bank has provided evidence showing that as of December 3, 2013, the defendants owed more than $200,000 on Como III's outstanding debt. In response, the defendants argue that summary judgment is inappropriate because they "have not received any calculation as to amounts that have been paid by Kenneth Farrar or Affordable Housing Mississippi, LLC, while the latter has been in bankruptcy proceedings and there is no representation of any amount paid contained in the pleadings herein." Doc. #47 at 4.

"[R]ecovery by [a creditor] from any source must be properly credited toward a judgment in its favor." *Fleisher*, 108 So.3d at 955. However, the defendants have failed to offer any evidence that Regions Bank received any payments on the debt underlying the guaranty agreements, much less that such payments extinguished the amount owed to Regions Bank by Como III. In the absence of such evidence, the Court cannot conclude that there is a genuine issue of material fact as to the existence of damages arising from the defendants' breaches.

Because there is no genuine issue of material fact as to whether the defendants breached their guaranty agreements or that such breaches injured Regions Bank, summary judgment against the defendants must be granted on the issue of liability for breach of contract.

### C. Amount of Judgment

Having found liability, the Court turns to the proper amount of damages. To this end, Regions Bank seeks: (1) the outstanding indebtedness (including attorney's fees and legal expenses) as of December 3, 2013; (2) "additional costs and expenses, including attorneys' fees … incurred after December 3, 2013, in connection with [its] collection efforts against Defendants;" (3) post-judgment interest; and (4) pre-judgment interest. Doc. #40 at 14.

Upon consideration, the Court concludes that the amount of damages is impossible to calculate under the current record. As an initial matter, Regions Bank has not specified under what authority, if any, it is seeking pre-judgment interest, a form of recovery which is discretionary under Mississippi law. *See Cashman Equip. Corp. v. Rozel Operating Co.*, No. 08-363, 2013 WL 3759709, at *7 (M.D. La. July 15, 2013) (citing *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991) (in diversity actions entitlement to pre-judgment interest is governed by state law); *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So.2d 1100, 1117 (Miss. 2007) (under Mississippi law "prejudgment interest may be allowed in those cases where the amount due is liquidated when the claim is originally made or where the denial of a claim is frivolous or in bad faith"). Furthermore, because the record has not been updated since December 3, 2013, the Court is unable to calculate attorneys' fees and expenses subsequent to the filing of the motion for summary judgment. Finally, while this Court has held that the existence of the bankruptcy proceedings and Regions Bank's potential recovery thereunder do not preclude summary judgment on the breach of contract claims, the Court is wary of issuing a

judgment on such indebtedness which may possibly exceed the current amount due to Regions Bank by Como III. *See Fleisher*, 108 So.3d at 955 ("[R]ecovery by [a creditor] from any source must be properly credited toward a judgment in its favor."); *see also See In re Labrum & Doak, LLP*, 226 B.R. 161, 166 (Bankr. E.D. Pa. 1998) ("[A] trial court properly exercises its discretion when it sua sponte reopens a record 'for the purpose of satisfying its own judgment and conscience as to the important question of damages … to arrive at a correct conclusion in this matter.'" (quoting *J.W. Paxson Co. v. Bd. of Chosen Freeholders of Cumberland Co.*, 201 F. 656, 661 (3d Cir. 1912)).

Under these circumstances, the Court will reserve ruling on summary judgment only as to the amount of damages. Regions Bank shall have fourteen days from the entry of this order to submit: (1) relevant evidence of damages; and (2) a brief (not exceeding ten pages) setting forth the legal justifications and amounts of damages sought. The defendants will have fourteen days from the filing of Regions Bank's brief to submit a response (also not to exceed ten pages) accompanied by relevant evidence.

## IV
## Conclusion

For the reasons above, the Court concludes that Regions Bank's motion for summary judgment must be **GRANTED** as to the liability of the defendants for breach of contract, with the Court reserving ruling as to the amount of damages. The parties are **DIRECTED** to provide additional briefing on the issue of damages under the terms set forth above.

SO ORDERED, this the 18th day of September, 2014.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**